**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:                                                  :
                                                        :
CV ENTERTAINMENT GROUP, INC.    :
                                                        :        **Case No. 08-03393-ESL**
        Debtor                                   :        **Chapter 11**
                                                        :
                                                        :
_____ :

**OPINION AND ORDER**

Before the court is Empresas Puertorriqueñas de Desarrollo, Inc.'s ("EPD") "Motion For Determination that Expired Lease With [EPD] Is Not Property Of The Estate And That Automatic Stay Is Not Applicable to The Pending Eviction Proceedings", filed on June 6, 2008. (Dkt. 29) (the "Motion for Determination"). The Motion for Determination seeks an order declaring that the lease contract between EPD and CV Entertainment Group, Inc. ("Debtor"), was terminated before the petition date and is no longer executory, is not property of the estate, and is, therefore, not subject to the automatic stay or assumable by Debtor. Debtor filed its answer in opposition on June 25, 2008. (Dkt. 42) ("Debtor's Opposition"). EPD filed a reply in support of its Motion for Determination on July 15, 2008. (Dkt. 68) ("EPD's Reply"). For the reasons set forth below, the Motion for Determination is granted.

**The Issues**

The issue before the court is whether under Puerto Rico law a lessor can terminate a lease pursuant to a notice of termination provision in the contract; or whether Puerto Rico law requires a judicial determination in a plenary action or an eviction proceeding to terminate the lease contract.

We hold that under Puerto Rico law, EPD effectively terminated the lease contract through its notice to Debtor without the need for a judicial declaration terminating the contract. A decree of

eviction is intended to allow the lessor to peacefully regain possession of the leased premises, and is not a legal pre-requisite to validly terminate the lease.

**Facts and Background:**

The following facts are undisputed. The Debtor filed for chapter 11 reorganization on May 29, 2008 and continues to conduct its affairs as a debtor-in-possession ("DIP"). The Debtor and EPD are parties to a land lease that was assigned to the Debtor in June 2005 (the "lease").[1] Among other businesses, the Debtor operates an eight hall movie theater in the Mayaguez Mall Shopping Center in premises leased from EPD (the "demised premises"). Section 16.1 of the lease contains a "default" provision which, among other things, grants EPD the power to terminate the lease for non-payment in ten days, after written notice of the default has been given (30 days for other types of default not at issue in this case). On February 7, 2008, EPD mailed the default notice to the Debtor. The notice clearly warned the Debtor that if it did not cure the $120,913 in arrears due as of that date within ten days, such failure to cure would trigger the automatic termination of the lease without further notice. EPD calculated Debtor's cure period to end on February 17, 2008. Upon Debtor's failure to pay, EPD filed a summary eviction proceeding on February 21, 2008. The final eviction hearing was scheduled for May 30, 2008. The Debtor filed for bankruptcy on May 29, 2008, thus staying the eviction action.

**The Parties' Arguments**

EPD argues that under Puerto Rico law it has the power and right to terminate the lease pursuant to the contract's termination provision, without the need for judicial action. EPD further states that to the extent that a lessor such as EPD must resort to judicial action to evict the Debtor,

---

[1] Pursuant to the order entered on July 18, 2008 (Dkt. 73), EPD filed a copy of the lease (Dkt. 76, Exhibit 1), the June 2005 assignment of the lease to Debtor (the "assignment" Id., Exhibit 2), and the "Default Notice" served on Debtor ( the "notice" Id., Exhibit 3).

such a proceeding is to evict the lessee from the demised premises, and is not a prerequisite to terminate the lease contract. EPD rejects any argument that this court can reinstate the lease and allow the Debtor to assume it in bankruptcy once the lease has been validly terminated.

The Debtor argues that its interest in the lease contract is property of the estate pursuant to section 541 of the Bankruptcy Code because the lease contract was not completely and irrevocably terminated before the commencement of the bankruptcy case. The Debtor further alleges that it can assume the contract under section 365(a) of the Bankruptcy Code. The Debtor bases its conclusions on its assertion that a judicial determination through a plenary action or eviction proceeding is necessary to terminate the lease. Absent such a final judicial determination the lease is still in effect and assumable by the Debtor. The Debtor also alleges that EPD's unilateral termination is invalidated by section 365(e) of the Bankruptcy Code which addresses the so called *ipso facto* clauses in contracts. Lastly, the Debtor invokes the equity powers of the bankruptcy court to deny the enforcement of a termination clause in a contract after balancing the interests and prejudices of the landlord and the debtor, as the court did in *In re Land Management, Inc.*, 14 B.R. 607 (Bankr. D.P.R. 1981).

**Discussion:**

The Supreme Court of the Commonwealth of Puerto Rico in *The Federal Land Bank of Baltimore v. Ramón Echeandia*, 48 D.P.R. 320, 1935 WL 5764 (1935), held that a party to an agreement can terminate the same pursuant to a notice of termination provided for in the terms of the agreement. This case constitutes the seminal precedent under Civil Code Art. 1077 [31 L.P.R.A. 3052] recognizing the power of termination of a contract by notice without the need for a court decree terminating the agreement. The Supreme Court of Puerto Rico's decision in *The Federal Land Bank of Baltimore* has been followed in this district. In *Fagot Rodriguez v. Republic of Costa*

- 3 -

*Rica*, 139 F.Supp.2d 173 (D.P.R. 2001), the U.S. District Court for the District of Puerto Rico addressed the issue of termination of a lease by notice without court intervention and upheld the lessor's right to terminate the lease by notice pursuant to the terms of the agreement. 139 F.Supp.2d at 181-183 (holding that under Puerto Rico law, the lease was effectively terminated by the lessor's notice of default and termination, and any newly formed holdover tenancy was terminated upon service of the complaint against the holdover tenant); *accord, Campos del Toro v. Tribunal Superior de Puerto Rico*, 75 D.P.R. 370, 1953 WL 8224 (1953) (holding that a lease agreement can be terminated at the election of the lessor either by notice of termination, or by filing suit for eviction; in the latter case notice of the eviction action effectively substitutes as notice of termination under the contract and extinguishes the lessee's right to continued possession of the leased premises). *See also Mayaguez Shipping Terminal, Inc. v. Tirado*, 56 D.P.R. 71, 1940 WL 8081 (1940) (upon expiration of the fifteen-day period after notice of termination was served, the licensee was possessing the premises without any right or title, at sufferance and subject to summary eviction).

Debtor misconstrues the effects of Art. 1077 (§3052) over this case and misapplies the other election of remedies to rescind contracts available to lessors of property under Articles 1446 (§ 4053) and 1459 (§ 4066) of the Civil Code. EPD could file an ordinary civil suit to rescind the lease under Art. 1446, or it could proceed to judicially dispossess the lessee under Art. 1459 for lack of payment. The lessor or lessee have the option of selecting the remedy to rescind the lease under Article 1446, that is, request rescission of the contract and indemnification for damages, or only the latter, leaving the contract in force. *Mora Development Corp. v. Sandin*, 118 D.P.R. 733, 18 P.R. Offic. Trans. 847, P.R., Apr 29, 1987. The Debtor should not confuse the statutory right to terminate by notice under Art. 1077 with the right to file for rescission or eviction under other statutes, because an action for eviction is in and of itself a separate act of termination. *Gonzalez Guerrido v. Solis Ortiz*, 2006

WL 2385452 , *9 N. 4 (TCA 2006) citing *Mora Development Corp., supra*; *Cf. Fagot Rodriguez, supra; Campos del Toro, supra.*

The Debtor has not challenged the validity of the termination provision in the lease or the notice; nor can Debtor dispute the necessity of the eviction proceeding as a separate means for EPD to peacefully regain possession of the leased premises. *See Mora Development, supra.* Upon Debtor's failure to cure its payment default within the ten days granted by the terms of EPD's notice, said notice terminated the lease contract and ended the Debtor's right to continue possessing the leased premises. As this court once stated in an analogous context, "[a] lease contract that is validly terminated pursuant to state law may not be resurrected by the filing of a bankruptcy petition." *In re Santos Borrero*, 75 B.R. 141, 142 (Bankr. D.P.R. 1987) citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1212 (7th Cir. 1984) (holding that section 365 does not give a debtor the right to assume a contract that was terminated pre-petition). After all, the filing of a petition cannot resuscitate the debtor's right to continued performance by the creditor under a contract that was validly terminated pre-petition. 734 F.2d at 1214; *In re Heghmann*, 316 B.R. 395 (1st Cir. BAP 2004).

In conclusion, and in light of the holding in *Bank of Baltimore* and its progeny, it is settled law in Puerto Rico that EPD effectively terminated the lease pre-petition upon the giving of notice of termination issued pursuant to the terms of the lease, without the need for a declaratory action to terminate the lease. The rule in *Bank of Baltimore* is eminently sensible because a valid agreement is "the law" between the contracting parties and must be performed accordingly. *Constructora Bauza, Inc., v. Garcia Lopez*, 129 D.P.R. 579, 593, 1991 P.R.-Eng. 735-859, P.R. Dec 17, 1991. In this context, a unilateral termination provision is valid and enforceable and sufficient to terminate any binding agreement without the need for judicial declaration to that effect. *Flores v. Municipio de Caguas*, 114 D.P.R. 521, 14 P.R. Offic. Trans. 674, P.R., Jun 30, 1983 (Civil Code Art. 1077

-5-

recognizes the power and validity under the civil law of unilateral termination by notice; such power operates *ex propio vigore* by the will of the parties even if the contract at issue does not contain a written termination provision). The pending eviction proceeding against Debtor is an independent action intended to regulate the process whereby EPD will regain possession of the leased premises and does not limit the effectivity of the notice of termination.

Since the lease contract was terminated prior to the filing of the petition, the automatic stay cannot be used as shield to obstruct EPD's right to regain possession of its property through resolution of the pending eviction proceeding. Such an event is specifically excepted from the automatic stay provisions of section 362(a). 11 U.S.C. § 362(b)(10). *In re Southcoast Express, Inc. And Sky View Lines, LLC*, 337 B.R. 739 (Bankr. D. Mass. 2006).

The court also finds that section 365(e) which invalidates the termination clauses known as *ipso facto*[2] clauses is not applicable to the facts of this case.  The prohibition in Section 365(e), by its own terms, applies only to the termination of an executory contract or lease "at any time after the commencement of the case."  A prepetition termination does not come within the protection of §365(e).

Lastly, this court declines to follow the decision in *In re Land Management* to the extent that a lease "technically terminated . . . is assumable." The bankruptcy court in *Land Management* found that "[t]ermination per se did not give the Authority right to take immediate possession of the land without intervention of the court." 14 B.R. at 612.  The court then balanced the equities of the case

---

[2] 11 U.S.C. § 365(e)(1), "popularly known as the ipso facto clause," prevents executory contracts and leases from being automatically terminated by filing for bankruptcy. "The aim is to protect the right of the bankruptcy estate to adopt, reaffirm and continue a contract or lease where this will serve the estate's interests." *Liberty Mutual Insurance Company v. Greenwich Insurance Company*, 417 F.3d 193, 198 (1st Cir. 2005).  *See also, Summit Investment and Development Corporation v. Leroux*, 69 F.3d 608, 610 (1st Cir. 1995).

and found that, being in possession of the property, the debtor had a leasehold interest in the same, and could assume the lease. *Land Management* was decided in 1981. The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333, effective July 10, 1984, added a new exception to the automatic stay, now § 362(b)(10), to include lessor's act under a nonresidential property lease terminated before the commencement of the case. The 1984 amendment undercuts the rationale in *Land Management*.

For all the foregoing reasons, EPD's Motion for Determination is hereby granted.

SO ORDERED.

San Juan, Puerto Rico, this 19th day of August, 2008.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge